# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

ROBERT LUSSIER and LINDA LUSSIER,

    Plaintiffs,

v.

GBC, INC., et al.,

    Defendants.

CASE NO. C19-5669 BHS

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

This matter comes before the Court on Plaintiffs Robert Lussier and Linda Lussier's ("Plaintiffs") motion to remand. Dkt. 5. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On June 27, 2019, Plaintiffs filed a complaint against Defendants GBC, Inc. d/b/a Herfy's Burgers and Teriyaki, Young Sook Choi, Jae Eui Hong, and other occupants ("Defendants") in the Pierce County Superior Court for the State of Washington. Dkt. 1-1. Plaintiffs alleged unlawful detainer of a commercial property, seeking restitution of the premises, forfeiture and termination of Defendants' tenancy, and damages. *Id*. On July 23, 2019, Defendants removed to this Court. Dkt. 1. On August 6, 2019, Plaintiff filed the

instant motion to remand. Dkt. 5. Defendants did not respond, which the Court continues as an admission that the motion has merit. Local Rules W.D. Wash. LCR 7(b)(2).

## II. FACTUAL BACKGROUND

Plaintiffs own a commercial property at 15619 Pacific Avenue South, Tacoma, WA 98445. Dkt. 5 at 2. Plaintiffs leased the property to Defendants beginning in March 2018. *Id.* Plaintiffs allege that prior to the filing of this suit, Defendants failed to pay rent, late fees, and interest, with failure to pay beginning April 1, 2018. *Id.*

## III. DISCUSSION

Defendants removed citing 28 U.S.C. §§ 1331 and 1332, violation of 50 U.S.C. § 3932 and 42 U.S.C. § 1983, and 28 U.S.C. §§ 1441 and 1446. Dkt. 1 at 1. In their notice of removal, Defendants argue Plaintiffs did not actually purchase the property at issue and so cannot enforce a lease, targeted Defendants based on race, and tortuously interfered with Defendants' business expectations. *Id.* at 2.

If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c). District courts have federal question jurisdiction over all claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint' rule, which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000). "In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint as of the time the removal

petition was filed." *O'Halloran v. Univ. of Washington*, 856 F.2d 1375, 1379 (9th Cir. 1988).

First, Defendants have not shown 28 U.S.C. § 1331 provides a basis for jurisdiction, because no federal question appears on the face of Plaintiff's complaint. *California*, 215 F.3d at 1014. Defendants also cite 42 U.S.C. § 1983 as a basis for jurisdiction but have not alleged a counterclaim or other claim based on that statute. Even if Defendants had done so, "a federal counterclaim, even when compulsory, does not establish 'arising under' jurisdiction." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). Second, Defendants have not shown that 28 U.S.C. § 1332 provides a basis for jurisdiction because Defendants have not shown they are citizens of one state and defendants are citizens of another.

Third, 50 U.S.C. § 3932 provides that the Court may stay any action against a currently serving military member if the member's service duties materially interfere with the member's ability to appear and defend. Defendants fail to allege any facts that would support a stay of this matter and fail to show that this statute supports removal of the action to federal court. Fourth, 28 U.S.C. § 1442 provides for removal when federal officers or agencies are sued or prosecuted, but Defendants have provided no facts to show those circumstances are present in this case.

Fifth, 28 U.S.C. § 1441 governs removal of civil actions, but as discussed, none of Defendants' potentially more specific bases for federal jurisdiction are sufficient, so this general citation also does not provide a basis for jurisdiction. Finding no basis for federal jurisdiction, the Court will grant Plaintiff's motion to remand.

In addition to remand, Plaintiffs ask the Court to issue an order prohibiting Defendants from litigating any issue related to the possession of the property in any federal court. Plaintiffs provide no basis for the Court's authority to issue such an order and the Court declines to do so.

Plaintiffs also ask the Court to award them attorney fees and costs pursuant to 28 U.S.C. § 1447. Under 28 USC § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has said that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).

While Plaintiffs argue that Defendants' only basis for removal is improper delay, the Court is not persuaded that fees and costs are appropriate in this case, particularly when Defendants are proceeding pro se.

### IV.  ORDER

Therefore, it is hereby **ORDERED** that Plaintiff's motion for remand, Dkt. 5, is **GRANTED**.

The Clerk shall remand to the Pierce County Superior Court and close the case.

Dated this 12th day of November, 2019.

BENJAMIN H. SETTLE
United States District Judge